### George T. Price v. City of Lincoln.

1. DRAM-SHOP—*license to conduct, construed.* A license author-
izing the conduct of a dram-shop in a "lower room" of a build-
ing does not confer the right to conduct a dram-shop in other
rooms upon the lower floor of the building designated.

Action commenced before justice of the peace. Appeal from
the Circuit Court of Logan county; the Hon. THOMAS M. HARRIS,

Judge, presiding.  Heard in this court at the May term, 1906. Affirmed.  Opinion filed November 27, 1906.

DONALD McCORMICK and BEACH, HODNETT & TRAPP, for appellant.

JOHN H. BECKERS, City Attorney, and S. L. WALLACE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Appellant was, by a police magistrate of the City of Lincoln, adjudged to be guilty of a violation of the dram-shop ordinance of said city, and to pay a fine and costs. He was granted an appeal to the Circuit Court where a trial was had by the court without a jury upon a written stipulation as to the facts involved. The court found the defendant guilty as charged, assessed a fine of $20 and costs and entered judgment therefor, to reverse which defendant prosecutes this appeal.

The ordinance which he is charged with having violated reads as follows:

"Section 2.    Sale Without License — Penalty. That no person shall within said city, by himself, or another, either as principal, clerk or servant, sell, exchange or deliver, or otherwise dispose of, for money or gain, directly or indirectly, any intoxicating liquor of any kind in and less quantity than one gallon or in any quantity to be drank upon the premises, or in or upon any adjacent room, building, yard, premises, or any place of public resort, without having a license therefor, under a penalty of not less than twenty ($20) dollars for each and every such offense."

It appears from the stipulation of facts that the City of Lincoln on May 1, 1905, issued to appellant a license to sell intoxicating liquors in less quantities than one gallon in a "lower room" of the building located at 120 North Chicago street in said city, for

the period of six months from the date thereof.
During the term of such license, on July 19, 1905,
certain customers of appellant went into a small
wine-room on the same floor with and adjacent to
but not directly connected with the bar-room where
his dram-shop was conducted, and by means of an
electric bell summoned appellant, from whom they
ordered intoxicating liquor which they paid for and
drank in said wine-room. It is further stipulated
that the "room known as the bar-room is circum-
scribed by four brick walls; that no common door
connects said bar-room with the wine-room; that
the manner of ingress and egress to and from the
bar-room to said wine-room is by two doors from
said bar-room to a narrow hall-way opening from
Chicago street and running alongside of said sa-
loon or bar-room to the rear along by and past the
wine-room."

The controlling question presented for our deter-
mination is whether or not appellant's license which
authorized him to sell liquor in "the lower room"
of the building described, conferred upon him the
right to sell liquor in other rooms in said building,
adjacent to such "lower room." Counsel for ap-
pellant contend that the question should be answered
in the affirmative, and by their propositions of law
requested the trial court to hold that under the li-
cense issued to him, appellant was authorized to sell
liquor at any place in the lower floor of the building
described therein. The conclusion so requested
would be warranted only upon the hypothesis that
the words "lower room" can reasonably be con-
strued as to include not only the room designated but
as well as all other rooms adjacent thereto. To adopt
such construction would be to do violence to the plain,
ordinary and unambiguous language used. Its effect
would be to arbitrarily and without reason give to the
words "lower room," a meaning much broader than
was intended by the licensor. The city had dis-

cretionary power in granting the license to restrict the sales of liquor to any extent it desired. Malkan v. City, 217 Ill. 471. It saw fit to limit the sales to a particular room and doubtless had good and valid reasons for so doing. It is a well-known fact that it is necessary for municipal authorities to exercise a strict supervision over those to whom licenses to conduct dram-shops are granted, in the interest of public order and morals, and it is obvious that this can be better accomplished by restricting the exercise of the privileges granted to particular and well-defined localities. If appellant desired to sell liquor in rooms other than that mentioned in his license, he should have applied for a license sufficiently comprehensive in its terms to permit him to do so. The license to keep a saloon in the "lower room" of the building did not cover all parts of such building. Black on Int. Liquors, sections 145-150. The sales made by appellant in the wine-room were manifestly unwarranted by his license and in violation of the ordinance in question. We regard the remaining contentions of appellant as without merit. The judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*